WILLIAM H. PAULISON, Plaintiff, *v.* TITLE GUARANTEE AND TRUST COMPANY, Defendant.

Supreme Court, New York County, April 14, 1928.

Corporations — trust mortgage — action against trustee of corporate mortgage for accounting — action based on failure to permit plaintiff, bondholder, to participate in purchase — plaintiff cannot recover.

The plaintiff asks for an accounting against the defendant, the trustee of a corporate mortgage, on the ground that he has been denied the right to participate in the purchase of the mortgaged property in violation of a provision in the mortgage. The provision in the mortgage giving the bondholders the right to participate *pro rata* does not make the trustee liable for the failure of the bondholders' committee, which bought in the property on the sale, to permit the particular bondholder to participate. The mere fact that the chairman of that committee is also the vice-president of the defendant is not sufficient to charge the defendant with liability.

ACTION for an accounting submitted on an agreed statement of facts.

*Henry Mayer,* for the plaintiff.

*Gray & Tomlin,* for the defendant.

LEVY, J.   The plaintiff contends that he was denied the right to participate in the purchase of the mortgaged property on the foreclosure sale, in violation of article 13 of the trust mortgage, which provides in part that: " If upon any sale of the mortgaged property, the same shall be purchased in the interest of the bondholders, or any of them, either by the trustee or by a committee or syndicate or by any person acting as agent or attorney for the bondholders, or any of them, notice of that fact shall immediately be given by the publication thereof once in each week for three weeks in some daily newspaper of general circulation, published in the city of New York, stating at what place in said city and to whom the bondholders may signify their desire to participate in such purchase, and any holder of any of said bonds, who, within thirty days of the first publication of said notice, shall signify at the place and to the person so designated, his desire to become a party to such purchase, shall be allowed to participate therein *pro rata* with the other participants according to his holding of said bonds, upon contributing his proportionate share of the purchase money."

Even if it be assumed that he is correct in this, it is nevertheless difficult to comprehend upon what theory defendant, the trustee under the mortgage, can be held liable for the failure of the " bondholders committee " which bought in the property on the sale,

to permit plaintiff to participate. It cannot be that the trustee was obligated under the trust mortgage to see to it that any bondholder who might purchase the property would allow all others who chose to do so to share in the purchase. The mere fact that the chairman of the committee happened also to be the vice-president of the defendant is of itself insufficient to charge the latter with an undertaking which it had not otherwise assumed. A different situation might well be presented if the *trustee*, rather than the " bondholders committee," had purchased the property in accordance with the provisions of the 13th article permitting it to do so on behalf of a majority of the bondholders.

As a result, judgment must be for the defendant. Submit decree.